Nathan **GUERRIERO**, Plaintiff–Appellant,

v.

Brian **HADLEY**; Jorge C. **Hernandez**, Defendants–Appellees.

No. 15–56854

United States Court of Appeals, Ninth Circuit.

Submitted October 25, 2016 *

Filed November 3, 2016

Nathan Guerriero, Pro Se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**536**

Sarah Lee · Overton, Attorney, Cummings McClorey Davis Acho and Associates, Riverside, CA, for Defendant–Appellee.

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

Nathan Guerriero appeals pro se from the district court's order denying Guerriero's motion for reconsideration in his 42 U.S.C. § 1983 action alleging constitutional violations in connection with state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's denial of a motion for reconsideration. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). We affirm.

The district court did not abuse its discretion in denying Guerriero's motion for reconsideration under Federal Rule of Civil Procedure 60(b)(2) because the evidence Guerriero submitted was not newly discovered. *See id.*

We lack jurisdiction over the underlying judgment because Guerriero did not file his notice of appeal within thirty days of entry of judgment. *See Harman v. Harper*, 7 F.3d 1455, 1457–58 (9th Cir. 1993); *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1462–63 (9th Cir. 1992) (a timely appeal from an untimely tolling motion brings up for review only the post-judgement motion, not the underlying judgement).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Guerriero's motion filed on August 15, 2016, is denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.